•TEXAS CENTRAL RAILWAY COMPANY v. C. M. CAUBLE ET AL.

Decided June 4, 1904.

**Railroads—Negligence—Cattle Shipment—Change of Destination.** ·

Where cattle were shipped over connecting lines, and after they·had passed from the initial line to a connecting line the owner requested the initial line to have their destination changed and it promptly notified the officials of the connecting line, but through their negligence the change was not made, the initial line was not responsible for such negligence nor a joint wrongdoer in relation to it.

Appeal from the District Court of Shackelford. Tried below before Hon. W. J. Oxford.

*Clark & Bolinger, A. A. Clarke,* and *Warren & Briggs,* for appellant.

*Thos. L. Blanton* and *J. R. Stubblefield,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The facts of the case, on which appellee Cauble recovered a verdict and judgment against appellant and the Missouri, Kansas & Texas Railway Company and Missouri, Kansas & Texas Railway Company of Texas jointly for $451.15, and against the Missouri, Kansas & Texas Railway Company for $79.30, are thus correctly and sufficiently stated in appellant's brief: "On the 2d day of November, 1900, the shipment of cattle in question, consisting of eight cars, left Albany about 1 o'clock p. m., L. C. Huskey going in charge of the entire eight cars. Of said shipment five cars were in the name of and belonged to C. M. Cauble, viz., three cars of calves and two cars of cows; the other three cars were in the name of and belonged to G. T. Reynolds. The cattle were promptly transported to Cisco by appellant, and delivered to the Texas & Pacific Railway Company, and by it transferred to and delivered to the Missouri, Kansas & Texas Railway Company of Texas at Fort Worth. When the cattle arrived at Denison, L. C. Huskey, finding that they were being delayed, wired G. T. Reynolds stating that the cattle were riding bad and that he was afraid he would miss the Monday's market. On receipt of said information, and about 2 p. m., November 3, 1903, and on account of delay and the approaching election, G. T. Reynolds gave directions, to agent at Albany, to have the destination of the cattle changed to Kansas City, Mo., and also sent one or two messages to L. C. Huskey, the man in charge of the cattle, and also ordered destination changed to Kansas City by wire. (Evidence is conflicting as to whether he directed change of destination of the entire eight cars, or only his three cars.) The agent at Albany immediately notified the general office at Waco that parties desired destination of the eight cars changed to Kansas City, whereupon the general freight agent of the Texas Central Railroad Company wired the Missouri, Kansas & Texas Railway Company officials of the request. The destination of the cattle was changed the following day, either at Muskogee or Parsons, Kan., it not appearing on whose direction the destination was changed;

36 Civ.—19

that is, whether upon instruction of Texas Central Railroad Company or G. T. Reynolds. When Mr. Cauble came into Albany from ranch about 6 p. m. of November 3, 1900, the agent informed him that Mr. Reynolds had had the destination of his cattle changed to Kansas City, whereupon he immediately requested that the destination be changed back to East St. Louis, and sent a number of messages for that purpose. And the agent at Albany immediately notified the general office of the Texas Central Railroad Company that parties desired cattle to go through as originally billed, and the general freight agent of the Texas Central Railroad Company at once sent a number of wires to the Missouri, Kansas & Texas Railway Company officials, recalling former instructions and advising that the parties desired cattle to go as originally billed. The cattle went to Kansas City. The Missouri, Kansas & Texas Railway Company received instructions at Parsons, Kan., in ample time to have sent the cattle to East St. Louis, but negligently failed to do so, as will be hereinafter shown."

The Texas Central Railway Company, if affected by the acts of its agents in the premises, seems to have acted in perfect good faith in its efforts to have the destination of the cattle changed after they left its road, when its liability as a carrier ceased, in the mistaken but reasonable belief that it was accommodating Cauble as well as Reynolds, and acted with due diligence thereafter in correcting this mistake. But for the negligence of the Missouri, Kansas & Texas Railway Company in failing to forward the cattle to East St. Louis after it was finally notified that the owners desired to have them carried to that market, the cattle would not have gone to Kansas City; and the evidence on that issue did not warrant the verdict of the jury in favor of the latter company. We can not agree with its contention that appellant was a joint wrongdoer, and therefore not entitled to a recovery over against it. Indeed, the writer is very much inclined to the opinion that the facts did not warrant any recovery at all against the appellant.

Because the court erred in refusing to set aside the verdict on the issue between appellant and the Missouri, Kansas & Texas Railway Company, the judgment will be reversed and cause remanded for a new trial, unless appellee Cauble shall within twenty days file a remittitur as to appellant Texas Central Railroad Company, in which case the judgment between Cauble and the other appellees will be affirmed.

                                        *Reversed and remanded.*